LOTTINGER, Judge.
This is a suit by Malcolm Y. Brian, his wife Helena, and David Brian for a declaratory judgment against Robert E. Bowlus, The Ann M. Bowlus Trust and The Robert E. Bowlus Trust[1] seeking the approval and recognition of the revocation of an old ser-, vitude and the relocation thereof. From a judgment in favor of plaintiffs, all defendants have appealed.
*663 This suit was tried based on stipulated evidence.
On December 22, 1966, plaintiffs, Malcolm and Helena Brian, sold to Robert E. Bowlus a certain parcel of land with a “servitude of way and passage” providing access across plaintiffs’ property to Perkins Road. The property purchased by Bowlus was enclosed. The parcel sold, as well as the servitude, were described with particularity in the act of sale. No specific consideration was mentioned for the servitude.
Subsequently, on May 2, 1973, Bowlus transferred both the parcel and the servitude to the Ann M. Bowlus Trust and the William M. Bowlus Trust. On July 18, 1978, plaintiffs sold to David Brian a certain tract of land which included a portion of the existing servitude. Prior to the sale to David, plaintiffs attempted to negotiate a revocation and relocation of the servitude with the defendants, but to no avail. The plaintiffs unilaterally on May 3, 1978, executed a “revocation and relocation of servitude,” and forwarded same to the defendants. David Brian prior to this suit built a personal residence on the original servitude.
In rendering judgment in favor of plaintiffs, the trial judge reasoned that the servitude was a predial one rather than a conventional servitude, and that under Louisiana Civil Code Article 695 the owner may relocate the servitude to a “more convenient place.” The trial judge in mentioning a predial servitude was obviously referring to a legal servitude vis-a-vis conventional servitude, inasmuch as “predial servitudes may be natural, legal, and voluntary or conventional.” La.C.C. art. 654.
Defendants-appellants contend the servitude was conventional vis-a-vis legal, and that plaintiffs were not entitled to relocate the servitude unilaterally.
We are of the opinion that the servitude in question is a legal servitude. A review of the act of sale fixing the servitude reveals the description of the property sold as well as reference to a map. The property description does not mention that the tract sold borders on a public road. In fact it points out that the property is some distance from a public road. In language printed below the property description, the act of sale “establishes for the use and benefit of the hereinabove described property acquired by vendee a servitude of way and passage * * It is apparent from the description of the servitude in the act of sale that the servitude connects the tract sold to Perkins Road.
A copy of the map attached to the act of sale is in the record, and it; too, shows that the tract sold was an enclosed estate.
The mere inclusion of the description of a servitude of passage and way in an act of sale does not create a conventional servitude. The attending facts and circumstances must be considered in determining what type of servitude exists. The trial judge apparently concluded that since the tract being sold was an enclosed estate, the description of the servitude was merely the particularization of the legal servitude the vendor was obligated to furnish the vendee under La.C.C. art. 694. For a similar case also holding that the inclusion of the description of a servitude in an act of partition does not create a conventional servitude, see Picard v. Shaubhut, 324 So.2d 517 (La.App. 1st Cir. 1975), writ refused 326 So.2d 380 (La.1976). We agree with the conclusion reached by the trial judge.
Defendants-appellants also argue that to allow the above result will create havoc and confusion in the public records for abstrac-tors and title examiners. We think not. As in the above case, the facts found in the act of sale and the attached map are enough to place any competent title examiner on notice of the possibility that a legal servitude is owed.
Lastly, defendants-appellants complain about the unilateral action of plaintiffs. Undoubtedly, the better practice to follow in relocating a legal servitude where agreement between the parties cannot be reached is through the courts rather than unilaterally. The risk taken is that the courts will ultimately not approve the new location.
*664 However, the fact that a land owner re-establishes a legal servitude without court guidance does not, of itself, void the unilateral action. Under La.C.C. art. 695, the owner of the servient estate has the right to relocate the servitude at his own expense as long as the relocation “affords the same facility to the owner of the enclosed estate.” Here, we agree with the trial court that the new location “affords the same facility” to the defendant.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. There is no “The Robert E. Bowlus Trust.” The proper party defendant is “The William M. Bowlus Trust.”